UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN CALVIN DAMOND (#394537)                      CIVIL ACTION

VERSUS

DOUGLAS McDONALD, ET AL.                           NO. 09-0745-JVP-CN

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, February 25, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GLENN CALVIN DAMOND (#394537)**                                **CIVIL ACTION**

**VERSUS**

**DOUGLAS McDONALD, ET AL.**                                     **NO. 09-0745-JVP-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Major Douglas McDonald and Captain Kendall McCray, complaining that the defendants violated his constitutional rights on June 27, 2007, by subjecting him to excessive force on that date. The plaintiff further complains that the defendants subjected him to harassment and verbal abuse thereafter, assigned him to a more onerous job and dormitory, and charged him with a wrongful disciplinary violation.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). Further, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's allegations, the Court concludes that the plaintiff's claims fail to rise to the level of constitutional violations.

Initially, it appears from the plaintiff's Complaint that he has sued the defendants in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff alleges that on June 27, 2007, he was called to the office of defendant McDonald because the defendant was upset that the plaintiff had failed to bring a meal tray to the defendant's orderly on that date. Upon arrival at the office, defendant McDonald closed the door and then "slam[med] both of his hands against plaintiff's upper body and violently shoved him against the wall." At the same time, defendant McCray, who was also in the office, verbally abused the plaintiff and urged the plaintiff to start a fight so that the defendants could respond in kind. When the plaintiff refused to be so provoked, he was allowed to leave the office, but he asserts that the incident made him extremely upset and paranoid. Several days later, on June 29, 2007, the plaintiff was informed that his job as an orderly was terminated. Since no new job was assigned to him at that time, the plaintiff allegedly "wander[ed] around the prison for about a month without ... any job". However, on July 30, 2007, defendant McCray told the plaintiff to report to work, and when the plaintiff did so, he was assigned to a work on a "disciplinary crew" and was required by Lt. Robertson (not named as a defendant herein) to cut grass with a lawn mower which had no motor. In addition, the plaintiff was re-assigned out of the honor dormitory where he had previously been housed. The

plaintiff complains that he was subjected to verbal abuse by unnamed persons for weeks while on his new job assignment, and he repeatedly sought mental health assistance and medical attention for stress-related headaches. On April 30, 2008, almost a year later, after the plaintiff filed an administrative grievance against the defendants, he was approached by defendant McDonald and verbally threatened, again causing the plaintiff to "fear for his life" and to seek mental health treatment. Finally, on March 18, 2009, again almost a year later, the plaintiff's property was searched, allegedly on orders from the defendants, and all of the plaintiff's legal typing paper was confiscated, purportedly because inmates were no longer allowed to possess typing paper at DCI. As a result, defendant McCray came to the plaintiff's dormitory, yelled at the plaintiff for having allegedly stolen the typing paper, and had the plaintiff placed in administrative segregation. In addition to the foregoing, the plaintiff alleges that defendant McDonald interfered with the plaintiff's First Amendment rights by taking and destroying the plaintiff's administrative grievance relative to the above-related events. As a result, the plaintiff was required to seek relief in the state courts, which resulted in an order from the state court permitting him to re-file his grievance and have it addressed by prison officials.

Initially, with regard to the plaintiff's claim that defendant McDonald pushed the plaintiff into the wall of his office on June 27, 2007, the law is clear that force is excessive and violates the Eighth Amendment of the United States Constitution if applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a prison guard, however, gives rise to a federal cause of

action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the force utilized is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury, greater than de minimis, resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993).

In Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), the Fifth Circuit held that the plaintiff's injuries in that case, a twisted arm and a bruised ear causing pain of three days' duration, for which the plaintiff sought no medical attention, amounted to no more than a de minimis injury for which the plaintiff was not entitled to recover. In the instant case, the plaintiff does not allege that he sustained any physical injury whatever as a result of the actions of defendant McDonald, nor that he sought any medical attention for physical injuries thereafter. Accordingly, the plaintiff's claim relative to this incident should be dismissed.

Similarly, the plaintiff's claims of mental anguish and stress resulting from the actions of the defendants are also not actionable. In this regard, the law is clear that an inmate may not recover damages for mental or emotional injury without a showing of a physical injury. 42 U.S.C. § 1997e(e). Accordingly, in the absence of any assertion that the plaintiff suffered any physical injury at the hands of the defendants, he has no claim for the stress and mental anguish that he allegedly suffered because of the defendants' actions.

The plaintiff also complains that on several occasions he was subjected to threats and verbal abuse by the defendants. The law is clear, however, that allegations of verbal abuse, threats and harassment alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985). See also Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Accordingly, the plaintiff fails to state a cause of action relative to this claim.

The plaintiff also complains that defendant McDonald caused the plaintiff to be re-assigned to a more onerous job and housing classification. The classification of prisoners, however, is a matter left to the sound discretion of prison officials, Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983), and prison officials are granted broad administrative and discretionary authority over the institutions they manage and the lawfully incarcerated persons under their control. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). So long as the conditions and degree of confinement are within the sentence imposed on an inmate and do not otherwise violate the Constitution, the due process clause does not in itself subject a prison official's treatment of an inmate to judicial oversight. Hewitt, 459 U.S. 468, 103 S.Ct. at 869. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Further, prisoners have no constitutionally protected liberty or property interests in their prison job assignments. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). See also Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995)(federal prisoner). Based on the foregoing, it is clear that the plaintiff's Complaint does not state a claim of constitutional dimension. Although the plaintiff

is dissatisfied with his re-classification, he had neither a protected liberty interest in that classification nor a legitimate expectation that he would remain at that classification.  Accordingly, the Court concludes that the plaintiff's claim in this regard is frivolous as a matter of law and must be dismissed.

The plaintiff also complains of the actions of defendant McCray in having the plaintiff's property searched on March 18, 2009, and in apparently charging the plaintiff with a rule infraction for having typing paper in his possession.  This claim as well fails to implicate the plaintiff's constitutional rights.  Prison confinement, by its nature, necessarily envisions searches of inmates on a regular basis and as a matter of course, and it is well-settled that such searches are subject to constitutional question only when they are unreasonable under all of the facts and circumstances presented.  The Fourth Amendment requires only that "'searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed.'"  <u>Elliott v. Lynn</u>, 38 F.3d 188 (5th Cir. 1994) <u>cert. denied</u>, 514 U.S. 1117, 115 S.Ct. 1976, 131 L.Ed.2d 865 (1995).  The plaintiff in this case has alleged no facts to suggest that the referenced search of March 18, 2009, was conducted in an unreasonable manner.  Accordingly, this claim fails to rise to the level of a constitutional violation and must be dismissed.

The plaintiff also suggests that the defendants interfered with his administrative grievances filed with respect to the defendants' conduct.  Notwithstanding, the plaintiff concedes that he was able to ultimately have his administrative grievances addressed, both institutionally within the prison and also in the state court on judicial review.  Accordingly, the plaintiff suffered no real prejudice as a result of the defendants' actions in this regard, and prejudice is a prerequisite for a claim of

interference with the First Amendment right to seek redress of grievances. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987). See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Further, the plaintiff has no constitutional right to have his administrative grievances addressed, investigated, or favorably resolved, Mahogany v. Miller, 252 Fed.Appx. 593 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Accordingly, the plaintiff's claim regarding the defendants' actions in obstructing and interfering with his administrative grievances and in allegedly failing to properly address, investigate or respond to same is without legal foundation.

Finally, to the extent that the plaintiff suggests that the defendants' actions in subjecting him to threats and verbal harassment in April, 2008, and in conducting a search of his property and charging him with a disciplinary violation in March, 2009, were motivated by retaliatory animus in response to his having filed administrative grievances against the defendants, he has alleged no clear "chronology of events from which a retaliatory motive may plausibly be inferred." Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), quoting Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Further, in order to sustain a showing of a constitutional violation in connection with a retaliation claim, the plaintiff must allege more than a de minimis or inconsequential "retaliatory adverse act". " Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006). In other words, he must allege an adverse act that "is capable of deterring a person of ordinary firmness from further

exercising his constitutional rights. Id. In the instant case, the verbal threats in April, 2008, and the search of the plaintiff's lockerbox in March, 2009, would be seen to be mere de minimis acts which cannot support a retaliation claim under the Constitution. See Howell v. Quarterman, 2008 WL 4724486 (S.D. Tex., October 24, 2008) (holding that alleged retaliatory search and disciplinary action did not result in an adverse act that was more than de minimis, relying upon Morris v. Powell, supra). See also Green v. Hamilton, 2007 WL 2815643 (W.D. Tex., Sept. 25, 2007) (alleged retaliatory search was not actionable because not greater than de minimis); Ali v. Jones, 2007 WL 2141381 (S.D. Tex., July 19, 2007)(same). See also Morris, supra, (alleged retaliatory job transfer from the prison commissary to the prison kitchen was a de minimis retaliatory act which did not rise to the level of a constitutional violation); Jones v. Greninger, 188 F.3d 322 (5th Cir. 1999)(alleged retaliatory transfer to a job in food services not a constitutional claim); Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996)(alleged retaliatory removal from job assignment not a constitutional claim); Garcia v. TDCJ-CID Director, 2009 WL 2901522 (S.D. Tex. August 28, 2009) (alleged retaliatory transfer to prison hog farm not a constitutional claim). Accordingly, the Court finds that the plaintiff fails to state a claim of constitutional dimension relative to his assertion of retaliation, and that this claim should therefore be dismissed as legally frivolous.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court

has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed as frivolous, the Court concludes that it is appropriate for the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), and that this action be dismissed, without prejudice to any state law claims which the plaintiff may have.[1]

Signed in chambers in Baton Rouge, Louisiana, February 25, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."